IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL A. RIVERA, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 24-522-GBW |
| ROBERT MAY, *et al.*, | ) |
| Defendant. | ) |

### **MEMORANDUM OPINION**

Michael A. Rivera, Smyrna, Delaware – *Pro Se* Plaintiff

March 20, 2025
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

## I. INTRODUCTION

On April 29, 2024, Plaintiff Michael A. Rivera, an inmate at James T. Vaugh Correctional Center (JTVCC) in Smyrna, Delaware, initiated this civil action *pro se*, alleging civil rights violations, pursuant to 42 U.S.C. § 1983, by Defendants Robert May, Tasha Hollingsworth, Lt. Daum, Dorelus, Burley Katrina, Cpt. Dotson, Lt. Gibson, Counselor Stevens, and Heather Hamlett. (D.I. 2). Plaintiff was granted leave to proceed *in forma pauperis*. (D.I. 6.) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

## II. BACKGROUND

The following facts are transcribed from the Complaint and assumed to be true for purposes of screening, *see Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Apart from bracketed text and paragraph breaks, the allegations below are as they appear in the Complaint.

> On [March 24, 2022, P]laintiff was classified and told he was medium status with 16 points. On [May 2, 2022, P]laintiff was transferred to JTVCC and sent to the [Special Housing Unit (SHU) B]uilding 17. [T]his building[']s conditions [are] 24[-]hour lock[d]own or more interverals [*sic*][. E]very time [inmates in SHU Building 17 are] taken to the shower or rec yard[, or] lock[ed] in[, they] are handcuffed[. They are fed their] food through a slot and have 18[-]h[ou]r lighting a day[,] with no control of [their] light. There is no access to program[s] or education, phone and visit[-]tablet time is limited[,] and employment is limited to 1 [*indiscernible*] position. Outside of temporary placement

1

awa[i]ting bedspace, it is [sic] housed mainly with recent offense disciplinary housing.

Plaintiff wrote to Counselor Dorelus [on May 6, 2022,] and received [a] letter back[,] saying that Plaintiff committed a recent [April 17, 2022] assault on staff. Plaintiff attempted to explain to Counselor Dorelus that [Plaintiff] was classified to medium [status or security] despite the incident because it did not meet the over[r]ide criteria[,] and that it happened on [April 17, 2021,] not [2022]. Counselor Dorelus said it was above her pay[g]rade and did nothing to help correct Plaintiff's wrongful (SHU) housing. Plaintiff contacted Lt. Daum and was told [Plaintiff] was held for housing [sic]. Plaintiff explained the situation to [Lt. Daum] in person[,] but he did nothing to correct [P]laintiff's situation.

[Plaintiff] gave [Counselor Dorelus and Lt. Daum] both sufficient background knowledge. Prison Policy 3.3 [(*citation omitted*)] states an offender must be given notice, and Prison Policy 4.1 [(*citation omitted*)] says there should be a[n] appeal and review process for offenders. [P]laintiff was not given notice or provided with any appeal process by any [D]efendants in this [C]omplaint. Plaintiff requested such a process to no avail.

Plaintiff wrote to the [W]arden, [D]eputy [W]arden, [C]lassification [A]dministrator Hollis[,] and the Institution Based [C]lassification [B]oard[,] with n[o] responses by these [D]efendants responsible for ensuring the classification process. Plaintiff attempted to use the grievance process to address the classification-Due process-issue but [Plaintiff's grievance] was unprocessed and [Plaintiff] was directed to contact Lt. Daum[,] [C]lassification Lt., and Capt. Dotson[,] which [P]laintiff did and was not provided process as policy required. Katrina Burley is in charge of the grievance process at JTVCC and sent back [P]laintiff[']s grievance as unprocessed, although [P]laintiff had [a] valid[,] grievable issue.

It will be shown that Plaintiff was then harassed by placing him in a cell with no service[, regarding] which [P]laintiff contacted staff and [the W]arden for months[,] to no avail[,] but [the] problem was fixed within 2 weeks of other inmates['] request. [P]laintiff was denied

laundry supplies for 5 months and when writting [sic] Capt. Dotson[, Plaintiff] was sent Counselor Tasha Stevens to ask [Plaintiff] when [he was] going to sign [his] extradition papers. Plaintiff explained this classification issue to Counselor Stevens but was not assisted in any manner.

It is believed that this is in retaliation for Plaintiff fi[l]ing grievances and writing [D]efendants about the classification process and requesting a chance to appeal the status without response. Plaintiff sues as a class action because this is happening to various inmates[,] and Plaintiff assert[s] discovery will show that Defendants either purposefully or neglectfully cause the violation of [P]laintiff[']s and other inmates['] due process rights [and t]hat Defendants failed to respond and tend [to] their duties in situations that violated Plaintiff[']s due process and subjected Plaintiff to (SHU) conditions unjustly. [E]ach [D]efendant is tasked with ensuring the classification process and didn't do so.

Lt[.] Gibson violat[ed] [P]laintiff[']s Due process protection in the Disciplinary hearing process also[, which] makes her liable for the events that occurred.

(D.I. 2 at 6-8.)

Based on the foregoing, Plaintiff seeks compensation for good time loss, and compensatory and punitive damages "for conditions spent it (SHU) [sic] and violations of Due process and 1st [A]mendment violations of retail[a]tory conduct." (*Id.* at 9.) Plaintiff also seeks "a grievance inmate lia[i]son to help with grievable issues or classification issues," as well as "any further justice" deemed appropriate by the Court. (*Id.*)

3

## III. SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See*

4

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

Even when employing the less stringent standard afforded to *pro se* litigants, *see Erickson*, 551 U.S. at 94, the Complaint fails to state a claim against any named Defendant, warranting dismissal, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Plaintiff will be given leave to amend.

5

A defendant in a civil rights action "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). The Complaint must allege specific, personal involvement of each Defendant in the alleged wrong. The Complaint makes no mention of Defendant Hamlett. (*See* D.I. 2.) As such, Defendant Hamlett must be dismissed from this case.

Likewise, the Complaint does not allege the specific, personal involvement of the other Defendants in any triable wrong, pursuant to 42 U.S.C. § 1983, so they must be dismissed from the case as well. Although it is clear that Plaintiff believes he has been incorrectly classified and housed, Plaintiff does not have a constitutional right to be housed in, or transferred to, a particular prison unit. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). Plaintiff also has no federal constitutional liberty interest in having prison officials follow prison regulations. *See id.* at 250. Likewise, Plaintiff has "no free-standing constitutional right to an effective grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011). "Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." *Olim* at 250. Although the Complaint discusses JTVCC grievance and disciplinary processes in which Plaintiff was involved, the Complaint does not allege

6

any cognizable loss of liberty Plaintiff suffered as a result. Based on the foregoing, Defendants' failures as alleged are not actionable under 42 U.S.C. § 1983.

The Complaint mentions the loss of good-time credits. (D.I. 2 at 9.) To the extent that Plaintiff intends to allege a loss of good-time credits as the result of a disciplinary process, the Complaint fails to state a due process claim on this basis. In this context, due process for inmates requires: twenty-four hours' written notice to the prisoner of the charges against him; the right to appear in person before the hearing body; the right to call witnesses and present evidence; and a written statement of the reasons for the disciplinary action taken. *See Wolff v. McDonnell*, 418 U.S. 539 (1974).

The Complaint also mentions retaliation for filing grievances. (D.I. 2 at 8.) To the extent that Plaintiff intends to raise a First Amendment claim on this basis, more information is needed, including which specific Defendants are alleged to have been involved.[1] To state a *prima facie* case of § 1983 retaliation, Plaintiff must allege that (1) he engaged in constitutionally protected conduct; (2) he suffered an

---

[1] "Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under § 1983." *White v. Napoleon*, 897 F.2d 103, 111-12 (3d Cir. 1990). Sentenced prisoners enjoy freedom of speech, *see Pell v. Procunier*, 417 U.S. 817 (1974), which extends to filing a grievance, informing a prison official of intent to so file, and requesting a necessary form for the purpose of so filing, *see Watson v. Rozum*, 834 F.3d 417, 423 (3d Cir. 2016); *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2005).

adverse action "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights;" and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action.[2] *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001).

Because the above-discussed deficiencies conceivably could be cured, the Complaint will be dismissed without prejudice, and Plaintiff will be given leave to amend his Complaint, in accordance with this Memorandum Opinion and corresponding Order. The filing of an Amended Complaint that fails to comply with this Memorandum Opinion and corresponding Order may result in dismissal with prejudice.

V.  **CONCLUSION**

For the above reasons, the Court will dismiss the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). (D.I. 2.) Dismissal will be without prejudice, and Plaintiff will be given leave to amend.

An appropriate Order will be entered.

---

[2] Where direct evidence is lacking, Plaintiff can show retaliatory motive with circumstantial "evidence of either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing that suggests a causal link." *Watson*, 834 F.3d at 422.